CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FREDDIE SHAWN PHILLIPS,<br>Plaintiff, | )<br>) Civil Action No. 7:07-cv-00030<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| J. R. STANLEY, et. al.,<br>Defendant(s). | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Plaintiff Phillips, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Phillips alleges that living conditions at the Southwestern Virginia Regional Jail (SWVARJ) violate his constitutional rights as a pretrial detainee. He sues various jail officials, seeking injunctive relief.[1] The court conditionally filed his complaint, informed him that his allegations failed to state constitutional claims against any of the defendants he had named, and granted him an opportunity to amend the complaint to particularize his claims and his demand for relief. Phillips has now provided the court with financial information and a verified statement concerning his attempts to utilize the SWVARJ grievance procedures and has consented to pay the filing fee through installments from his inmate account. He has also submitted three documents that the court construes as motions to amend his complaint.[2] Upon consideration of the complaint, the court finds that the action as amended should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to

---

[1] On the line of the § 1983 form asking what form of relief he seeks, Phillips wrote, "Review of Administrative Orientations, Classification and Conditions of Detention."

[2] Two of these documents, unlabeled, were included with a pile of grievances. See Dkt. #5. The other is a letter, received March 2, 2007. See Dkt. #8. Because all of these documents offer additional details about plaintiff's claims, the court construes them as his motions to amend in response to the court's conditional filing orders.

1

state a claim upon which relief may be granted.[3]

I.

Phillips' initial complaint named several individual officers from the SWVARJ as defendants[4] and made the following vague allegations:

> Denial of religious ser[vices] - And Denial of Religious books from the Jail and from Going to Church; Insufficient Law Library - I was told that we have a law library that meets DOC standards and then I was told we do not have a law library. It has been turned into a file room. Administrative and Faculty Violations/Penalties. Being locked down 23 hrs A day In the Same Cell with another Inmate.

After the court informed Phillips of the need for amendment to particularize the facts on which his claims were based, Phillips submitted a document entitled, "Attention! Office of the Clerk." He complains that the SWVARJ policy for classifying inmates is not in compliance with the Virginia Department of Corrections (VDOC) classification system. Under the challenged SWVARJ policy, Phillips, as a pretrial detainee, has been assigned to a long-term confinement unit, because officials feared that Phillips' criminal charges would not be "received well" in the general population. In Phillips' unit, inmates are allegedly locked in their cells twenty-three hours per day, have limited access to religious materials, and no mental health or medical attention. Phillips complains that there is no psychologist to review his adjustment to these harsh conditions and that crime classification was not used to determine whether inmates should be housed in the same cell. Phillips also

---

[3] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[4] The named defendants are: J. R. Stanley, Sharon Cunningham, Bill Brown, Randy Mullins, Ryan Miller, and Jhon [sic] Pruit. In his motion to amend, Phillips adds Aaron Hughes as a defendant. The court will grant the motion to amend. All claims against all defendants, however, will be dismissed without prejudice because Phillips failed to allege facts concerning personal conduct by each defendant in violation of his rights.

2

complains that the SWVARJ has no law library and no attorney on contract, in lieu of a law library, to provide legal materials or advice to inmates. Finally, Phillips asserts that the jail has no grievance coordinator trained to meet the grievance standards set by the Virginia General Assembly.[5] In his motion to amend (Dkt. No. 8), Phillips states that he wants to add Aaron Hughs as a defendant in his § 1983 action. He says that different, but unidentified staff members have threatened him and refused him different "things" because he filed this lawsuit.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court specifically explained to Phillips in the conditional filing order that he had failed to allege specific facts as to how any of the named defendants took actions in violation of his rights. Nevertheless, Phillips has offered no amendment correcting this deficiency. He never states any specific acts by each defendant to provide a factual basis for his claims. Accordingly, he fails to state any claim under § 1983 against any of them.

He also fails to allege facts indicating that anyone at SWVARJ is violating his constitutional rights as a pretrial detainee.[6] He complains about the lack of a law library, but does not state how

---

[5]Phillips asks the court to provide him with grievance forms so that he can complain to jail officials about these things. He is hereby advised that the court does not have grievance forms to provide to inmates and that §1997e(a) requires him to complete the grievance procedure before he files a lawsuit in this court.

[6]Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). As a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the

3

this problem has affected any viable legal claim that he wished to bring. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (finding that to state claim of denial of access to courts due to lack of jail law library or other legal materials, inmate must show he suffered injury to specific litigation effort). He complains about pretrial detainees being celled with inmates serving criminal sentences and about being denied access to medical and mental health attention. Ignoring the court's advice to particularize the facts of these claims, however, Phillips fails to allege how these conditions have harmed him, or how they are likely to harm him in the future. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Thus, he fails to state any claim concerning the inmate classification procedure or medical or mental health attention.

Phillips also complained that he is not able to go to church or get religious books. A prisoner's desire to practice religion may only be restricted upon a showing that the restriction is reasonably related to a legitimate penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). However, an inmate must show the existence of a genuine religious belief and why the desired religious conduct is important to exercise of that belief. Theriault v. Carlson, 495 F.2d 390 (5th Cir. 1974).

The court twice advised Phillips to particularize the facts of his religious claims, but he failed to do so. He has not identified the nature of his religious beliefs, offered any indication of his sincerity of belief, explained why his religious practice is substantially burdened by his inability to go to church, or stated what religious books he cannot get and why they are important to his religious practice. Furthermore, it is evident from his allegations that jail officials believed that because of

---

Eighth Amendment to convicted inmates. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997)(excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)(medical needs).

4

the nature of his criminal charges, he was properly housed in a more secure unit. In such a unit, officials likely have legitimate security reasons for not allowing inmates to leave their cells to attend church services and to limit the amount of personal property, such as books, that an inmate may have in his cell. Thus, he fails to demonstrate that anyone at SWVARJ has violated his constitutional right to free exercise of his religion.

Phillips also fails to state any constitutional claim regarding the SWVARJ grievance procedures. Because inmates do not have a constitutionally protected right to a grievance procedure, a jail's failure to provide a grievance procedure does not violate inmates' federal rights, even if state law requires otherwise. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, because jail grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

Finally, Phillips fails to state any constitutional claim of retaliation, as he fails to allege specific facts on which he bases his bald assertions that official threats and refusals were motivated by his filing of this lawsuit. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliation are insufficient to state § 1983 claim).

### III.

In conclusion, the court finds that plaintiff's allegations as amended simply do not state the elements of any of the constitutional claims he asserts under § 1983. Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of March, 2007.

/s/ James C. Turk
Senior United States District Judge